UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JULIA YEPEZ                                                          CV

                                    Plaintiff,
                  -against-                                          **COMPLAINT**

BUS TERMINAL BREWING CO., INC.                                      **JURY TRIAL REQUESTED**

                                    Defendant.
----------------------------------------------------------------x

## <u>COMPLAINT</u>

Plaintiff Julia Yepez (hereafter referred to as "plaintiff"), by counsel, Parker

Hanski LLC, as and for the Complaint in this action against Defendant Bus Terminal

Brewing Co., Inc. (hereinafter also referred to as "defendant"), hereby alleges as follows:

## <u>NATURE OF THE CLAIMS</u>

1.        This lawsuit opposes pervasive, ongoing and inexcusable disability

discrimination by the defendant.  In this action, plaintiff seeks declaratory, injunctive and

equitable relief, as well as monetary damages and attorneys' fees, costs and expenses to

redress defendant's unlawful disability discrimination against plaintiff, in violation of

Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and

its implementing regulations, the New York State Executive Law (the "Executive Law"),

§ 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City

New York (the "Administrative Code"), § 8-107.   Plaintiff also allege a claim for

Negligence.  As explained more fully below, defendant owns and leases a place of public

accommodation that violates the above-mentioned laws.  Defendant is vicariously liable

for the acts and omissions of its employees and agents for the conduct alleged herein.

2.     The defendant made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught.  In so doing, defendant made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for defendant to accept responsibility.  This action seeks to right that wrong via recompensing plaintiff and making defendant's place of public accommodation fully accessible so that plaintiff can finally enjoy the full and equal opportunity that defendant provides to non-disabled customers.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendant's acts of discrimination alleged herein occurred in this district and defendant's place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5.     At all times relevant to this action, plaintiff Julia Yepez has been and remains currently a resident of the State and City of New York.

6.     At all times relevant to this action, plaintiff Julia Yepez has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7.      Defendant Bus Terminal Brewing Co., Inc. leases space at 625 8th Avenue in New York County, New York (hereinafter referred to as "625 8th Avenue").

8.      Defendant is licensed to and does business in New York State.

9.      At all relevant times, Bus Terminal Brewing Co., Inc. operates a restaurant and bar doing business as Heartland Brewery at 625 8th Avenue (hereinafter referred to as the "Heartland Brewery").

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10.     The defendant is a public accommodation as it owns and leases a place of public accommodation, the Heartland Brewery premises located at 625 8th Avenue, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)).

11.     The Heartland Brewery premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

12.     Numerous architectural barriers exist at defendant's place of public accommodation that prevent and/or restrict access to plaintiff, a person with a disability.

13.     At some time after January 1992, defendant made alterations to 625 8th Avenue, including areas adjacent and/or attached to 625 8th Avenue.

14.     At some time after January 1992, defendant altered the primary function areas of the Heartland Brewery premises and 625 8th Avenue that relate to the Heartland Brewery premises.

15.     Since the effective date of § 27-292 of the Administrative Code (also known as "Local Law 58"), defendant has constructed and/or made alterations to the Heartland Brewery premises, and to areas of 625 8th Avenue related to the Heartland Brewery premises.

16.     Within the past three years of filing this action, plaintiff attempted to and desired to access the Heartland Brewery premises.

17.     The services, features, elements and spaces of defendant's place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991 Standards") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design ("2010 Standards").

18.     The services, features, elements and spaces of defendant's place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Administrative Code § 27-292 *et. seq.*

19.     Because of defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, plaintiff was and has been unable to enjoy safe, equal and complete access to defendant's place of public accommodation.

20.     Defendant's place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the

Administrative Code, the Building Code of the City of New York ("BCCNY") or the

2014 New York City Construction Code ("2014 NYC").

21.     Barriers to access that plaintiff encountered, and/or which deter plaintiff

from patronizing the defendant's place of public accommodation as well as barriers that

exist include, but are not limited to, the following:

I.      The public entrances are not accessible. The facility has 2 public
        entrances. Both public entrances are on 8th Avenue.
        *Defendant fails to provide that at least 50% of all its public entrances*
        *are accessible. See 1991 Standards 4.1.3.8(a)(i).*
        *Defendant fails to provide that at least 60% of all its public entrances*
        *are accessible. See 2010 Standards 206.4.1.*
        *Defendant fails to provide that ALL of its public entrances are*
        *accessible. See 2014 NYC 1105.1.*

II.     The north 8th Avenue entrance/exit doorway lacks a door leaf that
        provides 32 inches of clear opening width.
        *At double leaf doors, Defendant fails to provide both leaves with at least*
        *32 inches of clear opening width. See 1991 Standards 4.13.4, 2010*
        *Standards 404.2.2, and 2014 NYC 404.2.1.*

III.    The north 8th Avenue entrance/exit doorway lacks level maneuvering
        clearances.
        *Defendant fails to provide an accessible door with level maneuvering*
        *clearances. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and*
        *2014 NYC 404.2.3.*

IV.     The south 8th Avenue entrance/exit doorway lacks a door leaf that
        provides 32 inches of clear opening width.
        *At the double leaf doors, Defendant fails to provide both leaves with at*
        *least 32 inches of clear opening width. See 1991 Standards 4.13.4,*
        *2010 Standards 404.2.2, and 2014 NYC 404.2.1.*

V.      The south 8th Avenue entrance/exit doorway lacks level maneuvering
        clearances.
        *Defendants' fail to provide an accessible door with level maneuvering*
        *clearances. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and*
        *2014 NYC 404.2.3.*

**VI.**     There is no accessible seating at the bar. Furthermore, no accessible table is provided in the surrounding dining areas. See below.

*Defendant fails to provide that where food or drink is served at counters exceeding 34 inches in height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60 inches in length minimum shall be accessible or service shall be available at accessible tables within the same area. See 1991 Standards 5.2.*

*Defendant fails to provide that where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall be accessible. See 2010 Standards 226.1, and 2014 NYC 1109.10.*

**VII.**    There are no accessible tables.

*Defendant fails to provide that at least 5% of the dining surfaces provided to customers are accessible.  See 1991 Standard 5.1, 2010 Standards 226.1, and 2014 NYC 1109.10.*

**VIII.**   The west toilet room is not accessible. See below.

*Defendant fails to provide accessible toilet facilities.  See 1991 Standards 4.1.3(11), 2010 Standards 213.1, and 2014 NYC 1109.2.*

**IX.**     The west toilet room door has a privacy latch that is outside of an accessible reach range.

*Defendant fails to provide operable parts within an accessible reach range. See 1991 Standards 4.2.6, 2010 Standards 308.3.1, and 2014 NYC 308.3.1.*

**X.**      The west toilet room door has a coat hook that is outside of an accessible reach range.

*Defendant fails to provide operable parts within an accessible reach range. See 1991 Standards 4.2.6, 2010 Standards 308.3.1, and 2014 NYC 308.3.1.*

**XI.**     The west toilet room appease to lack an accessible water closet. See below.

*Defendant fails to provide at least one accessible water closet within accessible toilet and bathing facilities. See 1991 Standards 4.23.4, 2010 Standards 213.3.2, and 2014 NYC 1109.2.*

**XII.**    The west toilet room has a water closet that is located more than 18" from the side wall.

*Defendant fails to provide an accessible standard water closet positioned with the centerline of the water closet 16 inches minimum to*

*18 inches maximum from the side wall or partition. See 1991 Standards 4.16.2, 2010 Standards 604.2, and 2014 NYC 604.2.*

**XIII.**   The west toilet room has a water closet that lacks the required clearances.
*Defendant fails to provide a clearance around the accessible water closet that is 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall. See 1991 Standards 4.17.3, 2010 Standards 604.3.1, and 2014 NYC 604.3.1.*

**XIV.**   The west toilet room has a water closet that lacks compliant grab bars.
*Defendant fails to provide an accessible water closet with a side wall grab bar that is 42 inches long minimum, located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall. See 1991 Standards 4.16.4, 2010 Standards 604.5.1, and 2014 NYC 604.5.1.*
*Defendant fails to provide an accessible water closet with a vertical side wall grab bar. See 2014 NYC 604.5.1.*
*Defendant fails to provide an accessible water closet with a rear wall grab bar that is 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side. See 1991 Standards 4.16.4, 2010 Standards 604.5.2, and 2014 NYC 604.5.2.*

**XV.**   The west toilet room toilet has a water closet that has a toilet paper dispenser in the incorrect location.
*Defendant fails to provide an accessible water closet with a toilet paper dispensers that is located 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser. See 2010 Standards 604.7, and 2014 NYC 604.7.*

**XVI.**   The west toilet room lacks an accessible lavatory. See below.
*Defendant fails to provide at least one accessible lavatory within accessible toilet and bathing facilities.  See 1991 Standards 4.23.6, 2010 Standards 213.3.4, and 2014 NYC 1109.2.*

**XVII.**   The west toilet room has a lavatory that lacks protected hot water and drain pipes.
*Defendant fails to provide accessible lavatories and/or sinks with water supply and drain pipes that are insulated or otherwise configured to protect against contact. See 1991 Standards 4.19.4, 2010 Standards 606.5, and 2014 NYC 606.6.*

**XVIII.**   The east toilet room is not accessible. See below.

*Defendant fails to provide accessible toilet facilities. See 1991 Standards 4.1.3(11), 2010 Standards 213.1, and 2014 NYC 1109.2.*

**XIX.**   The east toilet room door lacks maneuvering clearance.
*Defendant fails to provide maneuvering clearances at doors. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and 2014 NYC 404.2.3.*

**XX.**   The east toilet room door has a privacy latch that is outside of an accessible reach range.
*Defendant fails to provide operable parts within an accessible reach range. See 1991 Standards 4.2.6, 2010 Standards 308.3.1, and 2014 NYC 308.3.1.*

**XXI.**   The east toilet room door has a coat hook that is outside of an accessible reach range.
*Defendant fails to provide operable parts within an accessible reach range. See 1991 Standards 4.2.6, 2010 Standards 308.3.1, and 2014 NYC 308.3.1.*

**XXII.**   The east toilet room appease to lack an accessible water closet. See below.
*Defendant fails to provide at least one accessible water closet within accessible toilet and bathing facilities. See 1991 Standards 4.23.4, 2010 Standards 213.3.2, and 2014 NYC 1109.2.*

**XXIII.**   The east toilet room has a water closet that is located more than 18" from the side wall.
*Defendant fails to provide an accessible standard water closet positioned with the centerline of the water closet 16 inches minimum to 18 inches maximum from the side wall or partition. See 1991 Standards 4.16.2, 2010 Standards 604.2, and 2014 NYC 604.2.*

**XXIV.**   The east toilet room has a water closet that lacks the required clearances.
*Defendant fails to provide a clearance around the accessible water closet that is 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall. See 1991 Standards 4.17.3, 2010 Standards 604.3.1, and 2014 NYC 604.3.1.*

**XXV.**   The east toilet room has a water closet that lacks compliant grab bars.
*Defendant fails to provide an accessible water closet with a side wall grab bar that is 42 inches long minimum, located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall. See 1991 Standards 4.16.4, 2010 Standards 604.5.1, and 2014 NYC 604.5.1.*

*Defendant fails to provide an accessible water closet with a vertical side wall grab bar. See 2014 NYC 604.5.1.*
*Defendant fails to provide an accessible water closet with a rear wall grab bar that is 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side. See 1991 Standards 4.16.4, 2010 Standards 604.5.2, and 2014 NYC 604.5.2.*

XXVI.   The east toilet room toilet has a water closet that has a toilet paper dispenser in the incorrect location.
*Defendant fails to provide an accessible water closet with a toilet paper dispensers that is located 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser. See 2010 Standards 604.7, and 2014 NYC 604.7.*

XXVII.   The east toilet room lacks an accessible lavatory. See below.
*Defendant fails to provide at least one accessible lavatory within accessible toilet and bathing facilities.  See 1991 Standards 4.23.6, 2010 Standards 213.3.4, and 2014 NYC 1109.2.*

XXVIII. The east toilet room has a lavatory that lacks protected hot water and drain pipes.
*Defendant fails to provide accessible lavatories and/or sinks with water supply and drain pipes that are insulated or otherwise configured to protect against contact. See 1991 Standards 4.19.4, 2010 Standards 606.5, and 2014 NYC 606.6.*

XXIX.   The exit door, which is also the entrance door, is not accessible as described above.
*Defendant fails to provide accessible means of egress in the number required by the code. See 1991 Standards 4.1.3(9), 2010 Standards 207.1, and 2014 NYC 1007.1.*

22.    Upon information and belief, a full inspection of the defendant's place of public accommodation will reveal the existence of other barriers to access.

23.    As required by the ADA (remedial civil rights legislation) to properly remedy defendant's discriminatory violations and avoid piecemeal litigation, plaintiff requires a full inspection of the defendant's public accommodation in order to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that

plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

24.     Defendant has endangered plaintiff's safety and denied plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

25.     Defendant's failure to make its place of public accommodation accessible denies plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

26.     Defendant has not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor has defendant made or provided reasonable accommodations or modifications to persons with disabilities.

27.     Defendant has failed to ensure that its place of public accommodation and the elements therein comply with the 1991 Standards or the 2010 Standards; the Administrative Code, and the BCCNY and 2014 NYC including but not limited to ensuring the maintenance of accessible features.

28.     The barriers to access within defendant's place of public accommodation continue to exist.

29.     Plaintiff frequently travels to the shopping area and neighborhood where defendant's place of public accommodation is located and patronizes places in the neighborhood.

30.     Plaintiff intends to patronize the defendant's place of public accommodation several times a year after it becomes fully accessible and compliant with

10

the 1991 Standards or the 2010 Standards, the Administrative Code, and the relevant

accessibility portions of the BCCNY and 2014 NYC.

31.     Plaintiff has a realistic, credible and continuing threat of discrimination

from the defendant's non-compliance with the laws prohibiting disability discrimination.

The barriers to access within defendant's place of public accommodation continue to

exist and deter plaintiff.

32.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights

and monitoring, ensuring, and determining whether defendant's place of public

accommodation is fully accessible and compliant with the 1991 Standards or the 2010

Standards, the Administrative Code, and the relevant accessibility portions of the

BCCNY and 2014 NYC.

33.     Plaintiff intends to patronize the defendant's place of public

accommodation several times a year as "tester" to monitor, ensure, and determine

whether defendant's place of public accommodation is fully accessible and compliant

with the 1991 Standards or the 2010 Standards, the Administrative Code, and the relevant

accessibility portions of the BCCNY and 2014 NYC – all for the benefit of those

similarly situated to plaintiff.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

34.     Plaintiff is substantially limited in the life activity of both walking and

body motion range and thus has a disability within the meaning of the ADA.  As a direct

and proximate result of plaintiff's disability, plaintiff uses a wheelchair for mobility, and

also has restricted use of arms and hands.

11

35.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

36.     Under the ADA, both the property owner and lessee are liable to the plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

37.     Defendant has and continues to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use their place of public accommodation all because plaintiff is disabled.  Defendant's policies and practices have disparately impacted plaintiff as well.

38.     By failing to comply with the law in effect for decades, defendant has articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

39.     Defendant has discriminated against the plaintiff by designing and constructing a building, facility and place of public accommodation after January 26, 1993 that is not readily accessible to and usable by the disabled plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

40.     Defendant's place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

41.     Upon altering their public accommodation, defendant failed to make their place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

42.     Upon making these alterations to the primary function areas, defendant failed to make the paths of travel to the primary function areas accessible to plaintiff, in violation of 28 C.F.R. § 36.403.

43.     Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make defendant's place of public accommodation fully accessible.

44.     By failing to remove the barriers to access where it is readily achievable to do so, defendant has discriminated against plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

45.     In the alternative, defendant has violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

46.     Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

47.     Defendant's failure to construct and maintain an accessible entrance from the public sidewalk to defendant's place of public accommodation constitutes disability discrimination in a violation of the ADA.

48.     Defendant has and continues to discriminate against plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATION OF NEW YORK STATE EXECUTIVE LAW)

49.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

50.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

51.     Defendant has and continues to subject plaintiff to disparate treatment by denying plaintiff equal opportunity to use their place of public accommodation all because plaintiff is disabled.

52.     Defendant discriminated against plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.  The defendant has aided and abetted others in committing disability discrimination.

53.     Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

54.     In the alternative, defendant has failed to provide plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

55.     It would be readily achievable to make defendant's place of public accommodation fully accessible.

56.     It would not impose an undue hardship or undue burden on defendant to make their place of public accommodation fully accessible.

57.     As a direct and proximate result of defendant's unlawful discrimination in violation of New York State Executive Law, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

58.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

59.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

60.     Plaintiff suffers from various medical conditions that separately and together, impair plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus plaintiff has a disability within the meaning of the Administrative Code § 8-102(16).

61.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added). The Restoration Act is to be construed broadly in favor of plaintiff to the fullest extent possible.

62.     Defendant has and continues to subject plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the Administrative Code § 8-107(4).  The defendant has aided and abetted others in committing disability discrimination.

63.     Defendant has discriminated, and continues to discriminate, against plaintiff in violation of the Administrative Code § 8-107(4) by designing, creating and/or maintaining an inaccessible commercial facility/space.

64.     Defendant has subjected, and continues to subject, plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the Administrative Code § 8-107(4).

65.     Defendant's failure to construct and maintain an accessible entrance from the public sidewalk to defendant's place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

66.     Defendant discriminated against plaintiff in violation of the Administrative Code, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible public accommodation.

16

67.     As a direct and proximate result of defendant's unlawful discrimination in violation of the Administrative Code, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

68.     Defendant's long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to plaintiff's rights under the Administrative Code.

69.     By failing to comply with the law in effect for decades, defendant has articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

70.     Defendant's unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the Administrative Code for which plaintiff is entitled to an award of punitive damages.  Administrative Code § 8-502.

71.     By refusing to make their place of public accommodation accessible, defendant has unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendant's unlawful profits plus interest must be disgorged.

72.     Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAWS)

73.     Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

17

74.     Defendant discriminated against plaintiff pursuant to New York State Executive Law.

75.     Consequently, plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

76.     Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## **FIFTH CAUSE OF ACTION**

### **(COMMON LAW NEGLIGENCE)**

77.     Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

78.     Defendant negligently designed, constructed, operated, repaired and maintained their place of public accommodation located at 625 8th Avenue in a manner that has rendered their place of public accommodation unsafe to the disabled plaintiff.

79.     At all relevant times, defendant, who holds its property open to the public, have had a duty to patrons such as plaintiff to design, construct, operate, repair, and maintain their place of public accommodation located at 625 8th Avenue in a reasonably safe condition, including a duty to comply with the Administrative Code.

80.     Defendant breached its duty by negligently designing, constructing, operating, repairing and maintaining their place of public accommodation located at 625 8th Avenue in a manner that has unreasonably endangered the plaintiff's physical safety and caused plaintiff to fear for plaintiff's own safety.

81.     Defendant's failure to design, construct, operate, repair and maintain their place of public accommodation located at 625 8th Avenue in a manner that is safe to the disabled plaintiff has proximately caused plaintiff emotional distress.

82.     Defendant has had actual and constructive notice that their place of public accommodation located at 625 8th Avenue is not safe to the disabled.

83.     As a direct result of defendant's negligence, plaintiff has suffered and continues to suffer emotional distress damages in an amount to be determined at trial.

## INJUNCTIVE RELIEF

84.     Plaintiff will continue to experience unlawful discrimination because of defendant's failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order defendant to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

85.     Injunctive relief is also necessary to make defendant's facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

86.     Injunctive relief is further necessary to order defendant to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

## DECLARATORY RELIEF

87.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendant against plaintiff and as to required alterations and modifications to defendant's place of public accommodation, facilities, goods and services, and to defendant's policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

88.     In order to enforce plaintiff's rights against the defendant, plaintiff has retained counsel and is entitled to recover attorneys' fees, expenses and costs pursuant to the ADA and the Administrative Code.  42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## JURY DEMAND

89.     Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendant in favor of plaintiff that contains the following relief:

A.      Enter declaratory judgment declaring that defendant has violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendant's place of public accommodation, and defendant's policies, practices and procedures;

B.      Issue a permanent injunction ordering **defendant to close and cease all business** until defendant removes all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above;

C.      Retain jurisdiction over the defendant until the Court is satisfied that the defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D.      Award plaintiff compensatory damages as a result of defendant's violations of New York State Executive Law and the Administrative Code of the City of New York;

E.      Award plaintiff punitive damages in order to punish and deter the

defendant for their violations of the Administrative Code of the City of New York;

F.      Award plaintiff the monetary penalties for each and every violation of the

law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.      Award reasonable attorney's fees, costs and expenses pursuant to the

Administrative Code;

H.      Find that plaintiff is a prevailing party in this litigation and award

reasonable attorney's fees, costs and expenses pursuant to the ADA; and

I.      For such other and further relief, at law or in equity, to which plaintiff may

be justly entitled.

Dated: August 17, 2018

          New York, New York

                                        Respectfully submitted,

                                        **PARKER HANSKI LLC**


                                        By:_____/s_____
                                                  Glen H. Parker, Esq.
                                                  Adam S. Hanski, Esq.
                                                  Robert G. Hanski, Esq.
                                                  Attorneys for Plaintiff
                                                  40 Worth Street, 10th Floor
                                                  New York, New York 10013
                                                  Telephone: (212) 248-7400
                                                  Facsimile: (212) 248-5600
                                                  Email:ash@parkerhanski.com
                                                  Email:ghp@parkerhanski.com
                                                  rgh@parkerhanski.com